UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| BARRY W. RITCHIE, # 99117, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:10-cv-203-CLC-WBC |
| ) | |
| TENNESSEE BOARD of PROBATION ) | |
| & PAROLE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This pro se state prisoner's civil rights case, brought under 42 U.S.C. § 1983, is before the Court on Defendant's unopposed motion to dismiss and supporting memorandum [Docs. 21–22]. This case was remanded for further proceedings as to whether the application of Tennessee's 2009 parole provisions in Tenn. Code Ann. § 40-35-503(b), rather than those in the 1981 provisions when Plaintiff was convicted, violated Plaintiff's right under the Ex Post Facto Clause, *see* U.S. Const. art. I, § 10. Cl. 1 [Doc. 18]. Because Plaintiff made "very limited, almost conclusory" allegations that the outcome of his parole hearing would have been different under the 1981 provision, he was given the opportunity to offer evidence showing that he would remain incarcerated longer if his eligibility for parole were reviewed under the 2009 provisions than if his eligibility were reviewed under the 1981 parole provisions.

The basis of Defendant Board of Probation and Parole's motion to dismiss is that Plaintiff was released on parole on April 20, 2015, and that his release on parole has rendered this case moot. In support of its motion, Defendant has submitted the affidavit of Gayle S. Barbee, the Director of Board Operations for the Tennessee Board of Parole and custodian of the records, who avers that Plaintiff was released on parole supervision on that date and who has attached to her affidavit Plaintiff's Parole Certificate No. 158779 [Doc. 22-1].

The jurisdiction of federal courts is limited to "cases and controversies." U.S. Const. art. III, § 2, cl.1. A case becomes moot "when the issues presented are no longer live or parties lack a legally cognizable interest in the outcome." *Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). The Court agrees that since this lawsuit concerned the proper standards to apply to Plaintiff's parole eligibility determination to avoid an ex post facto violation and since Plaintiff has been released on supervised parole, this case is now moot.

Accordingly, Defendant's motion to dismiss [Doc. 21] will be **GRANTED**, and this action will be **DISMISSED** as moot.

**AN APPROPRIATE ORDER WILL ENTER**.

      /s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**